**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIE DYER,<br><br>                                  Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC<br><br>                                  Defendant. | Case No.:  3:24-cv-0361-W (MMP)<br><br>**ORDER GRANTING IN PART & DENYING IN PART DEFENDANT'S MOTION TO DISMISS [DOC. 3]** |

Pending before the Court is Defendant Specialized Loan Servicing LLC's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff Christie Dyer opposes. The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1(d)(1). For reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss [Doc. 3].

**I.     FACTUAL BACKGROUND**

According to the Complaint, on or about July 27, 2009, Plaintiff Christie Dyer obtained a loan from Wells Fargo Bank, N.A., in the amount of $341,163.  (*Compl.* ¶ 9.[1]) The Note is secured against real property located at 11425 Volans Street, San Diego, CA

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit 1 [Doc. 1-3].

1

92126 (the "Property") by a Deed of Trust. (*Id.*, Ex. A.) On April 4, 2022, an Assignment of Deed of Trust was recorded in the San Diego County Recorder's Office, which assigned all interest in the Deed of Trust from Wells Fargo Bank, N.A. to Defendant Specialized Loan Servicing LLC ("SLS"). (*Id.* ¶ 10, Ex. B.)

On April 27, 2023, a Notice of Default and Election to Sell Under Deed of Trust was recorded on the Property. (*Compl.* ¶ 11, Ex. C.[2]) Then on May 5, 2023, a second Notice of Default and Election to Sell Under Deed of Trust (hereinafter, the "Notice of Default") was recorded on the Property. (*Id.* ¶ 12, Ex. D.) A declaration dated April 19, 2023 is attached to the Notice of Default and states:

> Mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence. Thirty days have passed since these due diligence efforts were satisfied.

(*Id.* Ex. D at p. 41.)

On or about September 21, 2023, the Foreclosure Trustee recorded a Notice of Trustee's Sale on the Property pursuant to the Deed of Trust. (*Compl.* ¶14, Ex. F.) The sale was set for November 3, 2023 and the Property was sold on that day. (*Id.*).

Meanwhile, in approximately March of 2022, Dyer was allegedly working with Wells Fargo Bank to modify the loan. (*Compl.* ¶ 17.) The Complaint's allegations regarding the modification are confusing. But it alleges a "letter was sent to [Dyer] via email from Wells Fargo Bank on March 17, 2022" stating that she was "approved for a Trial Payment Plan" that was "to begin the first payment on April 1, 2022." (*Id.*[3]) The Complaint next alleges that another letter was "emailed to her on March 16, 2022," that

---

[2] A notice of rescission of this Notice of Default was recorded on May 8, 2023. (*Compl.* ¶ 13, E.)

[3] The Court assumes reference to the term "she" is appropriate because paragraph 3 of the Complaint refers to Plaintiff as "her." (*See also Compl.* ¶¶ 9, 15, 17–21.) The Court notes, however, that throughout the Opposition, Plaintiff is referred to as "his," "him" or "he." (*See Opp'n* at 5:8, 8:6, 10:16, 10:19, 11:1, 11:19, 11:20, 13:7, 13:8, 13:11, 13:14, 13:18.)

1  "stated that her loan was being transferred to SLS DEFENDANT, and any payment on
2  April 1, 2022 should be sent to SLS DEFENDANT." (*Id.*) Dyer then confusingly alleges
3  the letter (presumably about the loan transfer) "was sent *after* PLAINTIFF sent the check
4  on March 24, 2022." (*Id.*, emphasis added.[4])

On April 14, 2022, Dyer received a mortgage statement from SLS. (*Compl.* ¶ 19.) The Complaint appears to take issue with the manner in which payments were applied in that statement, as well as SLS's alleged failure to "factor in the first payment to Wells Fargo Bank" that Wells Fargo allegedly cashed "after the date that all payments would be going to SLS DEFENDANT." (*Id.*) Dyer further complains that SLS never got back to her about the permanent modification, that "she sent the loan modification application" to SLS multiple times and she "requested accounting on the escrow account as she believes it was too high." (*Id.* ¶¶ 19, 20.) Finally, the Complaint also alleges that "[a]ll of PLAINTIFF's payments were made,… SLS DEFENDANT should have given her a modification" and that "[n]o one at SLS DEFENDANT told PLAINTIFF about a reverse mortgage, nor the grant money." (*Id.* ¶ 21.)

On February 23, 2024, Dyer filed this lawsuit in the San Diego Superior Court. (*See Compl.*) The Complaint asserts causes of action for: (1) Violation of California Civil Code § 2923.5 (Failing to Notify the Homeowner About Possible Foreclosure and to Wait 30 Days After Notice to Rcord a Notice of Default); (2) Violation of California Civil Code § 2924.9 (Failure to Provide Homeowner with Foreclosure Alternatives); (3) Violation of California Civil Code § 2924.11 (Dual Tracking); (4) Negligence; (5) Wrongful Foreclosure; and (6) Unfair Business Practices, Violation of Business & Profession Code §§ 17200, *et seq*.[5] SLS now moves to dismiss the Complaint.

---

[4] The allegation is confusing because in the previous sentence the Complaint alleges the transfer letter was emailed to her on March 16, which is eight days *before* she allegedly mailed the check.

[5] The Complaint contains six causes of action. However, the second cause of action is misnumbered / identified as the "third" cause of action, the third cause of action as the "fourth" cause of action, etc., so

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to file a motion to dismiss for failing "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive dismissal, a complaint must contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (emphasis added). To do so, it must offer sufficient factual allegations that, if true, "raise the right to relief above the speculative level" and render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). If, however, the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (citation omitted).

In evaluating the motion, the Court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 842 F.3d 1156, 1159 (9th Cir. 2016). But this presumption of validity does not extend to legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Thus, the pleading analysis requires the Court to eliminate all of Plaintiff's conclusory allegations and evaluate the remaining claims for facial plausibility.

---

that what should be the sixth cause of action is identified in the Complaint as the "seventh" cause of action.

### III. DISCUSSION

#### A. Violation of Civil Code § 2924.5.

The first cause of action is for violation of California Civil Code § 2923.5. This cause of action is based on SLS's alleged failure to contact Dyer to assess her financial situation and explore options to avoid foreclosure before filing the notice of default. (*Compl.* ¶ 23.)

SLS argues this cause of action must be dismissed because the only remedy is postponement of the foreclosure sale, but the Property was already sold. (*MTD* [Doc. 3] 7:17–28.[6]) Dyer's opposition reiterates the allegation that "SLS unlawfully recorded the notice of default on May 05, 2023, without first contacting Plaintiff to discuss his [sic] financial situation and/or to explore options for the borrowers in contravention of Civ. Code §2923.5." (*Opp'n* [Doc. 4] 8:5–8.) Dyer, however, fails to address SLS's argument.

In *Davenport v. Litton Loan Servicing, LP*, 725 F.Supp.2d 862 (N.D. Cal. 2001), the district court dismissed without leave to amend plaintiff's cause of action under Civil Code § 2923.5 because the foreclosure had already occurred. *Id.* at 878. In doing so, the court relied on *Mabry v. Superior Court*, 185 Cal.App.4th 208, 235 (2010), which held that "under the plain language of section 2923.5, read in conjunction with section 2924g, the *only* remedy provided is a postponement of the sale before it happens." Because Dyer admits the Property has been sold (*Compl.* ¶ 14), the first cause of action fails.

#### B. Violation of Civil Code § 2924.9.

The "third" cause of action is for violation of Civil Code § 2924.9. This cause of action is based on the allegation that SLS failed to notify Dyer "of all foreclosure prevention alternatives" after recording the Notice of Default. (*Compl.* ¶ 29.) Dyer seeks "an injunction prior to foreclosure, or civil and statutory penalties post foreclosure

---

[6] Because SLS's motion does not include page numbers, page references are based on the CM/ECF stamp at the top of the page. For example, 7:17–28 means lines 17 through 28 on CM/ECF Page 7 of 15.

5

against SLS DEFENDANT….” (*Id.* ¶ 31.) SLS argues this cause of action should be dismissed for two reasons.

First, SLS argues Dyer has failed to plead a "material" violation of section 2924.9. (*MTD* 8:15–17, 9:1–3.) According to SLS, while Dyer "admits that she submitted a loan modification application to SLS 'multiple times'," she failed to plead facts "showing that SLS's violation affected her loan modification process pursuant to Civil Code section 2924.12(a)(1).” (*Id.* 8:17–24.) In support of this argument, SLS cites *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F.Supp.3d 1102, 1113 (E.D. Cal. 2015), which stated that "courts have interpreted the term 'material' to refer to whether the alleged violation affected a plaintiff's loan obligations or the modification process." (citations omitted).

SLS's reliance on *Cornejo* is misplaced. There, the plaintiff was alleging defendant violated section 2924.10, which involves the loan modification process. This seems to explain why *Cornejo* stated that in order to allege a material breach of that provision, the plaintiff was required to allege that defendant's violation affected the loan modification process. In contrast, here, Dyer is alleging a violation of section 2924.9, which involves "foreclosure prevention alternatives." Cal. Civ. Code § 2924.9. Because Dyer is alleging a violation of section 2924.9—not 2924.10— SLS's argument that Dyer must plead facts demonstrating that SLS's violation affected the loan modification process lacks merit.

Moreover, reading all inferences in favor of Dyer, the Complaint sufficiently alleges a material breach of section 2924.9. The Complaint alleges that SLS failed to provide any information about "alternatives to foreclosure" and if it had, Dyer "would have taken action to avoid the foreclosure of the Subject Property with other lending sources." (*Compl.* ¶ 30.) To the extent SLS's breach caused Dyer to lose the Property, the Complaint has adequately alleged a material breach.

Second, SLS argues the second cause of action must be dismissed because section 2924.9 "applies to discussions after the Notice of Default is recorded, not before the nonjudicial foreclosure process has commenced." (*MTD* 9:1–3.) The Complaint, however, specifically alleges that SLS violated this section because Dyer was living in

the Property "when the Notice of Default was recorded" and "did not receive any phone calls or phone messages and did not receive any pieces of mail that referred to discussions about alternatives to foreclosure before it was commenced." (*Compl.* ¶ 30.) It is reasonable to interpret the allegation "before it was commenced" as referring to the foreclosure, which occurred after the Notice of Default was recorded. Accordingly, Dyer sufficiently alleges this claim.

### C. **Violation of Civil Code § 2924.11.**

The "fourth" cause of action is for violation of Civil Code § 2924.11. This cause of action is based on the allegation that SLS failed to "send PLAINTIFF a denial letter" regarding her loan modification application. (*Compl.* ¶ 35.) Because Dyer's application was "in ACTIVE review," Dyer alleges SLS's "recording of a Notice of Sale is a material violation of the dual-tracking statute." (*Id.* ¶ 39.)

SLS argues this cause of action must be dismissed because section 2924.11 "regulates when the Notice of Default and Notice of Trustee's Sale can be recorded when 'a foreclosure prevention alternative is approved in writing'" and Dyer has not "alleged a foreclosure prevention alternative was approved…." (*MTD* 9:11–14, citing Cal. Civ. Code § 2924.11.) Dyer does not respond to SLS's argument.

SLS is correct that section 2924.11 applies where a foreclosure prevention alternative has been approved or accepted by the borrower. *See* Cal. Civ. Code § 2429.11. And the Complaint does not allege Dyer had been approved or accepted a foreclosure prevention alternative. To the contrary, it alleges she was never notified about such alternatives. (*Compl.* ¶ 30.) Accordingly, the Complaint's allegations establish she cannot state a claim for violation of section 2924.11.

### D. **Negligence.**

The "fifth" cause of action alleges negligence. SLS argues this cause of action should be dismissed because under California law, "lenders or loan servicers do not owe

7

borrowers a duty of care." (*MTD* 9:23–25.) In support of this argument, SLS cites *Sheen v. Wells Fargo Bank, N.A.* 12 Cal. 5th 905 (2022). Dyer's opposition essentially argues the Complaint alleges each of the elements required to state a negligence claim and it fails to address whether California law bars a negligence claim in this context.

In *Sheen*, the California Supreme Court considered whether defendant "Wells Far owes plaintiff a duty 'to process, review and respond carefully and completely to [his] loan modification applications' so as to avoid causing plaintiff pure monetary loss through a lack of care in handling his applications." *Id.* 12 Cal. 5th at 919. In concluding that defendant did not have such a duty, the Court relied on the economic loss doctrine, reasoning that it "functions to bar claims in negligence for purely economic losses in deference to a contract between litigating parties." *Id.* at 922. As the Court explained,

> Using contract law to govern commercial transactions lets parties and their lawyers know where they stand and what they can expect to follow legally from the words they have written. But if a disappointed buyer has the option of abandoning the contract and suing in tort, the significance of the contract is diminished and the doctrines that protect the integrity of the contractual process are reduced in importance. Parties wrangle over integration clauses to make clear that their obligations are the ones stated in the contract and nothing else; the point of bothering about such matters becomes unclear if a disappointed party can later invoke an outside set of obligations that are imposed on the promisor and defined by the law of tort." (Farnsworth, The Economic Loss Rule (2016) 50 Val.U. L.Rev. 545, 553–554 (Farnsworth).) The Restatement states this form of the economic loss rule thusly: "[T]here is no liability in tort for economic loss caused by negligence in the performance or negotiation of a contract between the parties." (Rest., § 3.)

*Id.* at 923.

In light of *Sheen*, the Court finds SLS did not owe a duty to Dyer and the negligence claim is barred.

### E.   Wrongful Foreclosure.

The "sixth" cause of action alleges wrongful foreclosure. This claim is based on SLS's alleged violations of Civil Code §§ 2923.5, 2924.9 and 2924.11. SLS argues this

8

claim should be dismissed because, among other reasons, Dyer has failed to allege tender. (*MTD* at 11:24.) Dyer argues she should be excused from alleging tender. (*Opp'n* 12:1–13:25.)

Where the plaintiff is challenging a sale as part of a wrongful foreclosure cause of action, the complaint must allege a tender of the amount of the secured indebtedness or that plaintiff was excused from tendering. *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal.App.4th 1150, 1184–1185 (2016) (citation omitted). Here, Dyer alleges she is excused from the tender requirement and cites two cases as support. Neither are applicable.

Dyer first cites *Dimock v. Emerald Properties LLC*, 81 Cal.App.4th 868 (2000). But *Dimock* held that the tender requirement did not apply because the debtor was seeking to set aside the sale based on the recitals in the deed and, therefore, plaintiff was not relying on equity:

> Because there was no recital in the Commonwealth deed to Emerald which undermined the Calmco substitution, the deed to Emerald did not create any conclusive presumption that Commonwealth continued to act as trustee. Accordingly, in attacking the Commonwealth deed Dimock was not required to rely upon equity in setting aside a merely voidable deed. [Citation omitted.] Rather, he could rely on the face of the record to show that the Commonwealth deed was void. [Citation omitted.]
>
> Because Dimock was not required to rely upon equity in attacking the deed, he was not required to meet any of the burdens imposed when, as a matter of equity, a party wishes to set aside a voidable deed. [Citation omitted.] In particular, contrary to the defendants' argument, he was not required to tender any of the amounts due under the note.

*Id.* at 878 (quoting *Little v. CFS Service Corp.*, 188 Cal.App.3d 1354, 1359 (1987)). Here, Dyer's claim is based in equity, not the recitals in the deed of trust. Thus, *Dimock* does not assist Dyer.

Next, Dyer relies on *Barrionuevo v. Chase Bank, N.A.*, 885 F.Supp.2d 964 (N.C. Cal. 2012). However, in finding the tender requirement did not apply, the district court relied in part on the "growing number of federal courts [that] have explicitly held that the

tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place. [Citations omitted.]" *Id.* at 969–970. Here, the sale of the Property was completed on November 3, 2023. (*Comp* ¶14, Ex. F.) Thus, Dyer's reliance on *Barrionuevo* is also unavailing.

Because Dyer does not plead tender or cite authority supporting the contention that the tender requirement does not apply, she has failed to state facts supporting the wrongful foreclosure cause of action.[7]

### F. Cal. Business & Profession Code § 17200 ("UCL").

The "seventh" cause of action alleges a violation of California Business & Profession Code § 17200, *et seq.* (the "UCL"). SLS argues this claim should be dismissed for two reasons.

First, SLS argues the UCL claim should be dismissed because the Complaint fails to state a violation of California Civil Code §§ 2923.5 (First Cause of Action), 2924.9 ("Third" Cause of Action), and 2924.11 ("Fourth" Cause of Action). (*MTD* 13:12–16.) But for the reasons stated above, the Court has found the Complaint alleges a claim for violation of section 2924.9. Accordingly, this argument is unavailing.

Second, SLS argues the UCL claim fails because Dyer lacks standing because she has not pled a loss of money or property caused by the alleged wrongful conduct. (*MTD* 13:17–22.) In support of this argument, SLS cites *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F.Supp.2d 1186 (E.D. Cal. 2013). In *Herrejon*, however, plaintiff failed to allege "a predicate violation of law to support a UCL claim." *Id.* at 1206. Having failed to

---

[7] SLS raises two other argument that are not convincing. First, SLS argues this cause of action should be dismissed because Dyer failed to allege a violation of Civil Code §§ 2923.5, 2924.9 and 2924.11. Because the Court has found the Complaint alleges a violation of section 2924.9, this argument is unavailing. Second, SLS argues the Complaint fails to plead facts showing Dyer was prejudiced or harmed by SLS's alleged misconduct. For the same reason the Court found Dyer alleged a violation of section 2924.9, this argument is not persuasive.

allege a predicate violation, it logically follows that the plaintiff could not have lost property as a result of any alleged wrongful conduct. In contrast, here, Dyer has alleged a violation of section 2924.9.

SLS also cites *Petry v. Wells Fargo Bank, N.A.*, 2018 WL 5099279 (E.D. Cal. 2018) in support of the argument that Dyer lacks standing. But like *Herrejon*, *Petry* also found plaintiff failed to state a claim for violation of HBOR, negligence and promissory estoppel. *Id.* at *12. Thus, *Petry* is also distinguishable from this case.

In its reply, SLS also argues that Dyer lacks standing because the "loss of the property is caused by her own default on the mortgage, not by Defendant's alleged conduct." (*Reply* [Doc. 5] 8:4–6.) This argument ignores Dyer's "third" cause of action for violation of Civil Code § 2924.9. There, Dyer alleges that SLS failed to provide any information about "alternatives to foreclosure" and if it had, Dyer "would have taken action to avoid the foreclosure of the Subject Property with other lending sources." (*Compl.* ¶ 30.) In essence, Dyer alleges the loss of the Property was the result of SLS's violation of section 2924.9. SLS cites no authority suggesting this theory is insufficient for standing under the UCL. Because this cause of action supports the inference that Dyer lost the Property because of SLS's alleged violation of the statute, the Complaint sufficiently alleges a UCL claim.

### IV.   LEAVE TO AMEND

Dyer requests leave to amend the Complaint. (*Opp'n* 17:21–22.) Federal Rule of Civil Procedure 15(a)(2) states that courts "should freely give leave [to amend] when justice so requires." Furthermore, the Ninth Circuit has stated that leave to amend "should be granted with 'extreme liberty'" and only be denied when "it is clear ... that the complaint could not be saved by any amendment." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

For the reasons discussed above, leave to amend the causes of action for violation of Civil Code § 2923.5, violation of Civil Code § 2924.11, and negligence would be

futile. However, because it is not yet clear that leave to amend would be futile for the wrongful foreclosure cause of action, leave to amend will be granted as to that claim.

## V.  CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the motion to dismiss [Doc. 3] as follow:

- The causes of action for violation of California Civil Code § 2923.5, violation of California Civil Code § 2924.11 and negligence are **DISMISSED WITHOUT LEAVE TO AMEND**.
- The cause of action for wrongful foreclosure is **DISMISSED WITH LEAVE TO AMEND**.
- If Plaintiff chooses to file a first amended complaint, it must be filed **on or before November 19, 2024.**

**IT IS SO ORDERED.**

Dated:  November 5, 2024

_____
Hon. Thomas J. Whelan
United States District Judge